LAWRENCE G. BROWN
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WHITE,<br><br>Defendant. | Case No. 1:09-CR-00302 LJO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date: November 13, 2009<br>Time: TBD<br>Ctrm: 4<br>Hon. Lawrence J. O'Neill |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through Lawrence G. Brown, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Brian W. Enos, has agreed with defendant Matthew White, and his attorney, Assistant Federal Defender Melody Walcott, as follows:

1.  <u>Charges</u>.

The defendant acknowledges that he has been charged in an indictment as follows:

One Count of Receipt or Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2) (Count One); and

1

1    One Count of Possession of Material Involving The Sexual

2    Exploitation of Minors, in violation of Title 18, United States

3    Code, Section 2252(a)(4)(B) (Count Two).

4        The defendant will plead guilty to Count Two of the

5    indictment.

6        2.   <u>Nature, Elements and Possible Defenses</u>.

7        The defendant has read the charges against him contained in

8    the indictment, and the charges have been fully explained to him

9    by his attorney.  Further, the defendant fully understands the

10   nature and elements of the crime charged in Count Two of the

11   indictment to which he is pleading guilty, together with the

12   possible defenses thereto, and he has discussed them with his

13   attorney.

14       The elements of the crime of Possession of Material

15   Involving the Sexual Exploitation of Minors, as alleged in Count

16   Two of the indictment, are as follows:

17           First: The defendant knowingly possessed
             visual depictions that had been shipped or
18           transported in interstate or foreign commerce
             by any means including a computer;
19
             Second, The producing of any such visual depiction
20           involved the use of one or more real minors engaged in
             sexually explicit conduct and such visual depiction was
21           of such conduct; and

22           Third, the defendant had knowledge that the visual
             depiction involved the use of one or more real minors
23           engaged in sexually explicit conduct.

24   ///

25   ///

26       3.   <u>Agreements by the Defendant</u>.

27       (a) Defendant agrees that this plea agreement shall be filed

28   with the court and become a part of the record of the case.

2

1     (b) Defendant agrees to enter a plea of guilty to Count Two

2 of the indictment, which charges him with Possession of Material

3 Involving the Sexual Exploitation of Minors, in violation of

4 Title 18, United States Code, Section 2252(a)(4)(B).

5     (c)  The defendant is aware that Title 18, United States

6 Code, Section 3742 affords a defendant the right to appeal any

7 sentence imposed.  Acknowledging this, the defendant knowingly

8 and voluntarily waives his Constitutional and statutory rights to

9 appeal his plea, conviction, and sentence.  This waiver of appeal

10 includes, but is not limited to, an express waiver of defendant's

11 rights to appeal his plea, conviction, and sentence on any

12 ground, including any appeal right conferred by 18 U.S.C. § 3742

13 or otherwise.  The defendant further agrees not to contest his

14 plea, conviction, or sentence in any post-conviction proceeding,

15 including but not limited to a proceeding under 28 U.S.C. § 2255

16 or § 2241.

17     (d)  The defendant further acknowledges that his plea of

18 guilty is voluntary and that no force, threats, promises or

19 representations have been made to anybody, nor agreement reached,

20 other than those set forth expressly in this agreement, to induce

21 the defendant to plead guilty.

22     (e)  The defendant agrees to waive all rights under the

23 "Hyde Amendment,"  Section 617, P.L. 105-119 (Nov. 26, 1997), to

24 recover attorney's fees or other litigation expenses in

25 connection with the investigation and prosecution of all charges

26 in the above-captioned matter and of any related allegations

27 (including without limitation any charges to be dismissed

28 pursuant to this Agreement and any charges previously dismissed).

**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(C)**
**OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

1    (f) The defendant agrees that the sentencing court will
2 consult the United States Sentencing Commissions Guidelines (2008
3 edition) when sentencing the defendant in this case.

4    (g)  Defendant acknowledges that the sentencing court will
5 consult the United States Sentencing Guidelines ("USSG") and will
6 look to them in determining a reasonable sentence.  Defendant
7 further agrees that his conduct is governed by USSG Section
8 2G2.2, and that the base offense level for his crime is eighteen
9 (18).

10    (h) The defendant agrees that the material he possessed
11 involved sexually explicit images of prepubescent minors and/or
12 children under the age of twelve (12) years, and this will
13 increase his offense level by two (2) levels under USSG §
14 2G2.2(b)(2).

15    (i) The defendant agrees that he possessed images depicting
16 minors engaged in sexually explicit conduct resulted from the
17 defendant's use of a computer, and this will increase his offense
18 level by two (2) levels under USSG § 2G2.2(b)(6).

19    (j) The defendant agrees that he possessed material that
20 portrays sadistic or masochistic conduct or other depictions of
21 violence, and this will increase his offense level by four (4)
22 levels under USSG § 2G2.2(b)(4).

23    (k)  The defendant agrees that the offense involved at least
24 150 images of minors engaged in sexually explicit conduct, and
25 this will increase his offense level by three (3) levels under
26 USSG § 2G2.2(b)(7)(D).

27    (l)  The defendant agrees that his total offense level,
28

MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(C)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

1  after a reduction of three (3) levels for acceptance of

2  responsibility, will be twenty-six (26).  This will produce a

3  sentencing range, assuming he is in Criminal History Category I,

4  of 63-78 months.

5       (m)  Defendant agrees that he may move for a four (4) level

6  downward departure of this offense level only.  Assuming

7  defendant is in Criminal History Category I and he succeeds in

8  obtaining the entirety of this downward departure, this would

9  produce a total offense level of twenty-two (22), with an

10  ultimate sentencing range of 41-51 months.  The defendant

11  understands and agrees that this agreement by him includes, but

12  is not limited to, not moving for an additional downward

13  departure of his offense level, criminal history category, or

14  criminal history points as defined by the United States

15  Sentencing Guidelines.  Defendant further understands and agrees

16  that the government may oppose defendant's request for a downward

17  departure.

18       The defendant agrees not to move, either directly or

19  indirectly through others, for a downward departure, variance or

20  reduction of his sentence beyond any departure, variance or

21  reduction agreed to by the defendant in Section 3(m) of this plea

22  agreement.  The defendant understands and agrees that this

23  agreement by him includes, but is not limited to, not moving for

24  a downward departure, variance or reduction of his offense level,

25  criminal history category, or criminal history points as defined

26  by the United States Sentencing Guidelines beyond those

27  departures expressly addressed in this plea agreement.

28  Furthermore, defendant shall not argue, by way of reference to

factors under 18 U.S.C. § 3553, for a term of imprisonment less than the applicable guideline sentence contemplated by this plea agreement.  In fact, both parties stipulate and agree not to move for, or argue in support of, any additional departure from the sentencing guidelines.  Both parties instead agree and stipulate that the guideline sentence is a "reasonable sentence" pursuant to the facts in this case.

(n)  The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of 120 months (10 years).

(o)  If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty, (2) to reinstate any counts that may be dismissed under this agreement, and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(p)  The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees

1  that he will be remanded into custody upon entry of his guilty
2  plea.

3      (q)  The defendant acknowledges that he has been advised,
4  and he understands, that under the Sex Offender Registration and
5  Notification Act, a federal law, that he must register and keep
6  his registration current in each of the following jurisdictions:
7  where he resides, where he is an employee, and where he is a
8  student.  He understands that the requirements for registration
9  include providing his name, his residence address, and the names
10  and addresses of any places where he is or will be an employee or
11  student, among other information.  He further understands that
12  the requirement to keep the registration current includes
13  informing at least one jurisdiction in which he resides, is an
14  employee, or student not later than three business days after any
15  change in name, residence, employment, or student status.  The
16  defendant has been advised, and understands, that failure to
17  comply with these obligations subjects him to prosecution for
18  failure to register under federal law, 18 U.S.C. § 2250, which is
19  punishable by a fine or imprisonment, or both.

20      (r)  The defendant agrees to forfeit all computers, laptops,
21  and computer related equipment that were seized by the Federal
22  Bureau of Investigation at the time of his arrest for the instant
23  offense.
24  ///

25      4.  Agreements by the Government.

26      (a)  The government will recommend a three-level reduction
27  in the computation of his offense level if the defendant clearly
28  demonstrates acceptance of responsibility for his conduct as

7

1  defined in Section 3E1.1 of the United States Sentencing

2  Commission Guidelines Manual.

3      (b) The government will dismiss Count One of the indictment

4  in this case if the defendant is sentenced under the terms of

5  this plea agreement.

6      (c)  The government agrees that an additional component of a

7  reasonable sentence will be a term of supervised release of ten

8  years (120 months).

9      (d)  The government will not argue for any sentencing

10 enhancements not referenced in Section 3, above. In addition, the

11 government agrees that a reasonable sentence is the low end of

12 the applicable guideline range of 63-78 months, or 63 months.

13      5.   <u>Factual Basis</u>.

14      The defendant will plead guilty because he is in fact guilty

15 of the crime set forth in Count Two of the indictment.  Defendant

16 also agrees that the following are the facts of this case,

17 although he acknowledges that, as to other facts, the parties may

18 disagree:

19      Defendant, on or about December 11, 2008, in San Joaquin
        County, within the State and Eastern District of California,
20      and elsewhere did knowingly possess one or more matters
        which contained any visual depiction that had been mailed,
21      shipped, or transported in interstate or foreign commerce,
        or which was produced using materials which had been so
22      mailed, shipped, or transported, the producing of which
        involved a minor engaging in sexually explicit conduct and
23      the depiction was of such conduct, specifically: the
        defendant possessed on a computer at least one image file
24      which contained a visual depiction, the producing of which
        involved the use of a minor engaged in sexually explicit
25      conduct, and was of such conduct, as defined in Title 18,
        United States Code, Section 2256, and which had traveled in
26      interstate commerce all in violation of Title 18, United
        States Code, Section 2252(a)(4)(B).
27
        6.   <u>Potential Sentence</u>.
28

1    Defendant understands that because the count to which he is

2    pleading guilty occurred after November 1, 1987, the court will

3    be required to consult the Sentencing Guidelines adopted by the

4    United States Sentencing Commission.   Further, he understands

5    that the court may choose a sentence above or below the

6    applicable guideline range depending on the aggravating or

7    mitigating facts of the defendant's case.   The following are the

8    potential penalties that the defendant faces:

9    **18 U.S.C. § 2252(a)(4)(B): Possession of Material
     Involving The Sexual Exploitation of Minors**:
10

11   (a) Imprisonment.

12              Maximum: Ten (10) years.

13   (b) Fine.

14              Maximum: Two Hundred Fifty Thousand Dollars
                ($250,000).

15   (c) Both such fine and imprisonment.

16   (d) Term of Supervised Release.

17              Lifetime

18              (Should the defendant violate any of the terms of
                his supervised release, he can be returned to
19              prison for the remaining period of supervised
                release actually imposed by the court, or five
20              years whichever is less.)

21    (e) Penalty Assessment:

22              Mandatory: One Hundred Dollars ($100).

23   ///

24   ///

25    7.   Waiver of Rights.

26    Defendant understands that by pleading guilty he surrenders

27   certain rights, including the following:

28

1        (a)   If defendant persisted in a plea of not guilty to the

2   charges against him, he would have the right to a public and

3   speedy trial.   The trial could be either a jury trial or a trial

4   by a judge sitting without a jury.   Defendant has a right to a

5   jury trial.   But in order that the trial be conducted by a judge

6   sitting without a jury, defendant, the government and the judge

7   all must agree that the trial be conducted by the judge without a

8   jury.

9        (b)   If the trial were a jury trial, the jury would be

10  composed of twelve lay persons selected at random.   Defendant and

11  his attorney would have a say in who the jurors would be by

12  removing prospective jurors for cause where actual bias or other

13  disqualification is shown, or without cause by exercising

14  peremptory challenges.   The jury would have to agree unanimously

15  before it could return a verdict of either guilty or not guilty.

16  The jury would be instructed that defendant is presumed innocent

17  and that it could not convict him unless, after hearing all the

18  evidence, it was persuaded of his guilt beyond a reasonable

19  doubt.

20       (c)   If the trial were held before a judge without a jury,

21  the judge would find the facts and determine, after hearing all

22  the evidence, whether or not he was persuaded of the defendant's

23  guilt beyond a reasonable doubt.

24       (d)   At a trial, whether by a jury or a judge, the

25  government would be required to present its witnesses and other

26  evidence against defendant.   Defendant would be able to confront

27  those government witnesses and his attorney would be able to

28  cross-examine them.   In turn, defendant could present witnesses

1  and other evidence on his own behalf.  If the witnesses for

2  defendant would not appear voluntarily, he could require their

3  attendance through the subpoena power of the Court. At trial, the

4  defendant would also have the right to assistance of legal

5  counsel.  If he could not afford legal counsel, one would be

6  appointed for him by the court at no expense to him.

7     (e)   At a trial, defendant would have a privilege against

8  self-incrimination so that he could decline to testify,

9  and no inference of guilt could be drawn from this refusal to

10 testify.

11    Defendant understands that by pleading guilty he is waiving

12 all of the rights set forth above and defendant's attorney has

13 explained those rights to him and the consequences of his waiver

14 of those rights.

15    8.   Questions by Court.

16    Defendant understands that if the court questions him under

17 oath, on the record and in the presence of counsel, about the

18 offense to which he has pleaded guilty, his answers, if false,

19 may later be used against him in a prosecution for perjury.

20    9.   Entire Agreement.

21    This plea of guilty is freely and voluntarily made and not

22 the result of force or threats or of promises apart from those

23 set forth in this plea agreement.  There have been no

24 representations or promises from anyone as to what sentence this

25 Court will impose.

26    10.  Court not a Party.

27    It is understood by the parties that the sentencing court is

28 neither a party to nor bound by this agreement and the sentencing

1  judge is free to impose the maximum penalties as set forth in

2  paragraph 6.   Further, in making its sentencing decision, the

3  Court may take into consideration any and all facts and

4  circumstances concerning the criminal activities of defendant,

5  including activities which may not have been charged in the

6  indictment.

7       11.   Presence Report.

8       Defendant understands that the United States Probation

9  Office is not a party to this agreement and will conduct an

10  independent investigation of defendant's activities and his

11  background.   It will then prepare a presentence report which it

12  will submit to the Court as its independent sentencing

13  recommendation.   In addition, the government will fully apprise

14  the Probation Office, as well as the Court, of the full and true

15  nature, scope and extent of the defendant's criminal activities,

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  including information on his background and criminal history.

27

28                    LAWRENCE G. BROWN
                      United States Attorney

12

1  DATED: _____ 12/3/09          By  _____
2                                      BRIAN W. ENOS, Esq.
                                       Assistant U.S. Attorney
3
4  DATED: December 1, 2009            _____
                                       MATTHEW WHITE
5                                      Defendant
6  DATED: _12/2/09_                   _____
7                                      MELODY WALCOTT, Esq.
                                       Assistant Federal Defender
8                                      Attorneys for Defendant
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13